UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABDUL KARIM KELLEY, *Pro Se*, | Case No.: 1: 17 CV 2483 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CITY OF CLEVELAND, *et al.*, | |
| | MEMORANDUM OF OPINION |
| Defendants | AND ORDER |

*Pro Se* Plaintiff Abdul Karim Kelley, a prisoner incarcerated in the Lorain Correctional Institution, has filed this civil rights action pursuant to 42 U.S.C. § 1983 action against the City of Cleveland, Cuyahoga County, Cuyahoga Court of Common Pleas Judge Nancy Russo, Prosecutor Hanna M. Smith, and Plaintiff's court-appointed defense lawyer Morgan Caruso. (*See* Doc. No. 1.) He seeks $5 million in damages on the basis that he was tried and convicted in a criminal case before Judge Russo and not turned over to a mental health court. (Doc. No. 1-1.)

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to screen any action in which a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Plaintiff's Complaint must be dismissed.

It is well-established that judges and other court officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). Prosecutors likewise are "immune from a civil suit for damages under § 1983" for their conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's damages suit against Judge Russo and Prosecutor Smith must be dismissed because Plaintiff clearly seeks to hold these defendants liable for conduct for which they are entitled to absolute immunity.

It is also firmly established that a defense attorney, regardless of whether she is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 ( W.D. Ky. July 16, 2009). Therefore, Plaintiff cannot assert a damage claim under § 1983 against his defense lawyer Morgan Caruso.

Finally, Plaintiff has failed to allege any plausible claim against either the City of Cleveland or Cuyahoga County. Plaintiff seeks to hold these entities liable because they "are responsible for their employees." (Doc. No. 1 at 2.) But, local governments may not be held liable under § 1983 solely on the basis that their employees engaged in unlawful conduct. *Wooten v. Logan*, 92 F. App'x 143, 145 (6th Cir. Jan. 14, 2004). They may be liable only when their own official policy or custom causes a constitutional violation. *Id.*; *see also Modesty v. Shockley*, 434 F. App'x 469, 471, 2011 WL 3416618, at *2 (6th Cir. Aug. 4, 2011), citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–691 (1978)) (upholding summary dismissal of a claim against the City of Cleveland where the

plaintiff failed to allege a municipal policy or custom, or facts that could implicate a policy or custom). Plaintiff's Complaint does not plausibly suggest that any policy or custom of the City of Cleveland or Cuyahoga County caused a deprivation of his constitutional rights.

## Conclusion

Accordingly, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 26, 2018